IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CORRIE DUDLEY,  §<br>    Movant,  §<br>  § Case No. 3:18-cv-2188-M (BT)<br>v.  §        3:15-cr-0432-M (BT) (11)<br>  §<br>UNITED STATES OF AMERICA,  §<br>    Respondent.  § | |

### **FINDINGS, CONCLUSIONS AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Corrie Dudley, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The government filed a motion to dismiss (ECF No. 5). For the following reasons, the Court should grant the government's motion and dismiss this action as barred by the statute of limitations.

I.

Movant challenges her 2017 conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(iii) and resulting 97-month prison sentence. Final judgment was entered on July 13, 2017. Movant did not appeal.

On July 30, 2018, Movant filed this § 2255 motion, in which she argues that she received ineffective assistance of counsel when (1) counsel failed to file a

direct appeal; and (2) counsel failed to challenge the indictment. On October 19, 2018, the government filed a motion to dismiss arguing the petition is time-barred. *See* Mot. (ECF No. 5). Movant did not file a response to the motion.

II.

**1.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the district court entered final judgment on July 13, 2017. Movant did not file an appeal. Therefore, her

2

conviction became final 14 days later, on Thursday, July 27, 2017. *See* Fed. R. App. P. 4(b)(A) (stating notice of appeal must be filed within 14 days of entry of judgment). Movant then had one year, or until Friday, July 27, 2018, to file her habeas petition. She did not file her petition until July 30, 2018.[1] Her petition is therefore untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

---

[1] Although the Clerk's Office did not receive Movant's § 2255 motion until August 20, 108, Movant certified that she placed her motion in the prison mailing system on July 30, 2018. (*See* ECF No. 2 at 12.) A petition filed by an inmate is deemed filed when the inmate deposits the petition in the institution's internal mailing system. *See* Rules Governing § 2255 Proceedings, Rule 3(d). This is often referred to as the "mailbox rule."

Movant has not alleged that she is entitled to equitable tolling. She also has pleaded no facts showing that she was misled by the government or prevented in some extraordinary way from asserting her rights. She is therefore not entitled to equitable tolling.

III.

For the foregoing reasons, the Court recommends that the government's motion to dismiss (ECF No, 5) be granted and this civil action be dismissed as barred by the statute of limitations.

Signed January 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).